| B104 (08/07) **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> ASHLEY J. LEIS | **DEFENDANTS** <br> FIRST DATA CORPORATION |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Todd F. Hertzberg <br> Hertzberg Law Firm of Arkansas, P.A. <br> 112 W Center St, STE 550 <br> Fayetteville AR 72701 <br> 479.303.5555 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ Creditor  ☐ Trustee  ☐ U.S. Trustee  ☐ Other | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☒ Creditor  ☐ Trustee  ☐ U.S. Trustee  ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint Seeking Damages in Core Adversary Proceeding

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability §523(a)(5), domestic support
☐ 68-Dischargeability §523(a)(6), willful and malicious injury
☐ 63-Dischargeability §523(a)(8), student loan
☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 USC §§78aaa *et. seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

APCS-B104 (08/07)   Page 1 of 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ashley J. Leis | | BANKRUPTCY CASE NO.<br>5:12-bk-72212 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISIONAL OFFICE<br>Fayetteville | NAME OF JUDGE<br>Ben T. Barry | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Todd F. Hertzberg | | | |
| DATE<br>9/6/12 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Todd F. Hertzberg, Attorney for Plaintiff | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

Plaintiffs and Defendants. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

Attorneys. Give the names and addresses of the attorneys, if known.

Party. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

Demand. Enter the dollar amount being demanded in the complaint.

Signature. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN THE MATTER OF:

NAME:                            CHAPTER 7 CASE NO. 12-72212
ASHLEY J LEIS

DEBTOR.

ASHLEY J LEIS
                                        Adversary Proc. No._____

PLAINTIFF,

versus

FIRST DATA CORPORATION

DEFENDANT.

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### Introduction

1. This is an action for statutory, actual and punitive damages filed by the Debtor pursuant to Section 362 of the Bankruptcy Code and the Federal Telephone Consumer Protection Act, 47 U.S.C. Section 227 et seq. (hereinafter referred to as "FTCPA").

### Jurisdiction

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This matter potentially concerns property of the bankruptcy estate as set forth herein.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United

States Code.

## Parties

7.  The Plaintiff in this case is a debtor under Chapter 7 of Title 11 of the United States Code in case number 5:12-bk-72212 which case is presently pending before this Court. The Plaintiff is hereinafter referred to as "Plaintiff" or "Debtor".

8.  The Defendant, First Data Corporation ("First Data" or "Defendant") is believed to be a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5565 Glenridge Connector NE, Ste 2000, Atlanta GA 30342.

## Factual Allegations Regarding the Bankruptcy

9.  The Chapter 7 case of the Plaintiff was commenced by the filing of a voluntary petition with the Bankruptcy Court on June 1, 2012.

10. The 341(a) meeting of creditors was held in Fayetteville, Arkansas on July 3, 2012.

11. Duly scheduled on Schedule F of Debtor's bankruptcy petition was an unsecured debt owed to Defendant in the amount of $1009.00. The address used for Defendant on said schedule was 5565 Glenridge Connector NE, Ste 2000, Atlanta GA 30342.

12. The Bankruptcy Noticing Center duly filed a certificate of service indicating that a notice of the filing of the bankruptcy petition was mailed to Defendant on June 6, 2012. A copy of the certificate of service is attached hereto as Exhibit "A."

13. Duly scheduled on Schedule B of Debtor's bankruptcy petition was an asset categorized as an unliquidated claim, more specifically; "Possible claim against First Data Leasing for pre-petition violations of the Telephone Consumer Protection Act."

14. The 341(a) Meeting of Creditors was held on July 3, 2012. The Debtor and her attorney appeared at the Meeting. The trustee assigned to Debtor's bankruptcy case was William M. Clark.

15. The Trustee, William M. Clark, did not conclude the 341(a) Meeting of Creditors on July 3, 2012, so that further facts could be ascertained concerning Debtor's unliquidated claim against Defendant.

16. On August 7, 2012 the Chapter 7 Trustee, William Clark, issued a report of No Distribution based upon an understanding with counsel for the Debtor that if funds were received by Debtor related to her unliquidated claim against Defendant in excess of the amount that Debtor could lawfully exempt in her bankruptcy, that the Trustee would be immediately notified so that a chapter 7 estate could be established to administer the non-exempt assets.

## Factual Allegations Regarding First Data

17. On May 17, 2012, First Data used equipment and or software to automatically dial the telephone number 479-659-1942. This number is Debtor's cell phone number. These calls were received by Debtor at 9:45 AM, 11:00 AM and 2:00 PM. In each case, when Debtor answered the call she heard pre-recorded music for several seconds.

18. On May 17, 2012, after Debtor's receipt of the 2:00 PM auto-dialed call, Debtor remained on the line long enough to wait for a human being to come onto the telephone line. Debtor informed Defendant's representative that she would soon be filing a bankruptcy petition. The representative asked Debtor for payment on the outstanding debt. The representative further informed Debtor that "the computer is going to keep dialing your number until we have a bankruptcy case number."

19. The calls received by Debtor on May 17, 2012 were in addition to at least three other auto-dialed calls from Defendant to Debtor received prior to that date.

20. In response thereto, Debtor's attorney wrote Defendant a letter on May 21, 2012 in which Debtor revoked any implied consent that Defendant may have thought it had to auto dial the cell phone of Debtor. A copy of that letter is set forth as Exhibit "B."

21. Between the date of Debtor's counsel letter (May 21st) and the date in which the Notice of Bankruptcy filing was sent by the Bankruptcy Noticing Center (June 6th) an additional nine calls were made by Defendant to Debtor. Debtor believes, and therefore alleges, that each such call was made by an auto dialer system since upon Debtor answering the call, prerecorded music would come onto the telephone line instead of the live voice of a human being.

22. From and after June 9th Debtor received, at a minimum, 14 additional calls from Defendant, each time through the use of an auto dialer in that whenever Debtor answered, Debtor would hear music and not the voice of a live human being.

### FIRST CLAIM FOR RELIEF – VIOLATION OF THE AUTOMATIC STAY

23. The allegations of paragraphs 1-22 above are realleged and incorporated herein by reference.

24. Debtor believes, and therefore alleges, that on or about June 9th, 2012, Defendant should have received notice of Debtor's bankruptcy filing from the Bankruptcy Noticing Center. Despite notice of the imposition of the automatic stay contained in the standard bankruptcy notice, Defendant took no action to discontinue its activities in contacting Debtor to collect the outstanding debt. On and after that date, Defendant's computers, software and systems continued to automatically place repeated calls to Debtor to collect the debt. The actions of the Defendant, in causing the improper demands for payment to the Debtor, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

25. As a result of the above violations of 11 U.S.C. Section 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

### SECOND CLAIM FOR RELIEF – FEDERAL TELEPHONE CONSUMER PROTECTION ACT

26. The allegations of paragraphs 1-25 above are realleged and incorporated herein by reference.

27. The Defendant is in willful violation of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

28. Pursuant to FCC regulations issued under and pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), no person or entity may: "...initiate any telephone call (other than a call

made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; ...(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200. Defendant willfully violated the Act by repeatedly placing calls to Debtor's cell phone number by use of an automated dialing system.

29. As set forth in paragraph 20 of this Adversary Proceeding Complaint, if Defendant harbored any doubt as to whether Debtor had previously consented to be auto-dialed on her cell phone, Debtor's attorney's letter (Exhibit B) should have alerted Defendant that any consent, if ever given, was immediately being revoked. Nevertheless, the receipt of that letter by the Defendant did not result in any discontinuation of the use of Defendant's automatic dialing systems to continue to dial Debtor's cell phone.

30. Furthermore, the automated telephone calls from Defendant did not automatically release the Debtor's line "within 5 seconds of the time notification is transmitted to the system that the called party has hung up, to allow the call party's line to be used to make or receive other calls." 47 U.S.C. § 227(d)(3)(B). Indeed some of those calls were not released for up to 1-2 minutes.

31. The actions and conduct of the Defendant were and are in willful violation of 47 U.S.C. § 227 et seq., and Defendant is liable for damages in the amount of $500.00 for each violation. To that end, the Federal Telephone Consumer Protection Act specifically gives Debtor a private right of action against Defendant to recover the damages alleged herein. Moreover, because Defendant willfully and knowingly violated the Federal Telephone Consumer Protection Act, such damages may be increased by this court to an amount equal to not more than three times the amount awarded, plus legal fees and expenses. 47 U.S.C. § 227(b)(3).

**WHEREFORE,** the Plaintiff having set forth her claim for relief against the Defendant respectfully prays of the Court as follows:

- A. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages for the stay violation;

- B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages for willful violation of the Federal Telephone Consumer Protection Act;

- C. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

- D. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney.

Dated this the 6th day of September, 2012.

/s/ Todd F. Hertzberg
Todd F. Hertzberg
Hertzberg Law Firm of Arkansas, P.A.
Attorney for the Plaintiffs
AR State Bar No. 2008268
112 W. Center Street, STE 550
Fayetteville, AR 72701
Phone (479) 303-5555
Fax (888) 456-6985
e-mail: toddhertzberg@yahoo.com

## CERTIFICATE OF SERVICE

ANGIE BARTON, paralegal in this case for the debtors, hereby certifies to the court as follows:
1. I am not a party to this case;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING,** on the parties listed below by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person or entity as indicated below on the 6th day of September, 2012.

Ashley Leis
19666 McCord Rd
Elkins AR 72727

Jonathan J. Judge, CEO
First Data Corporation
5565 Glenridge Connector NE
Ste 2000
Atlanta GA 30342

Office of the US Trustee
200 W. Capitol, Suite 1200
Little Rock, AR 72201

William M. Clark
Chapter 7 Trustee
PO Box 1400
Springdale AR 72765


/s/ Angie Barton
Paralegal

United States Bankruptcy Court
Western District of Arkansas

In re:   Case No. 12-72212-btb
Ashley J Leis  Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0861-5    User: ashley    Page 1 of 2    Date Rcvd: Jun 04, 2012
                      Form ID: b9a     Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 06, 2012.
```
db           +Ashley J Leis,    19666 McCord Rd,    Elkins, AR 72727-8932
4236430      +Bank Card Services,    PO Box 4499,    Beaverton, OR 97076-4499
4236433      +Chexsystems, Inc.,    Attn: Consumer Relations,    7805 Hudson Rd, Ste 100,
               Saint Paul, MN 55125-1703
4236434      +CitiMortgage,    Bankruptcy,    PO Box 790022,    Saint Louis, MO 63179-0022
4236435       Equifax,    1550 Peachtree St NW,    Atlanta, GA 30309
4236436      +Experian,    475 Anton Blvd,    Costa Mesa, CA 92626-7037
4236437      +First Data,    5565 Glenridge Connector NE,    Ste 2000,    Atlanta, GA 30342-4799
4236440      +Nationwide Credit (May 2012),    2002 Summitt Blvd, Ste 600,    Atlanta, GA 30319-1559
4236441      +Northwest AR Neurosurgery,    5501 Willow Creek Dr, Ste 203,    Springdale, AR 72762-8708
4236442      +Northwest Medical Center,    609 W. Maple,    Springdale, AR 72764-5394
4236443      +Professional Account Service,    P.O. Box 188,    Brentwood, TN 37024-0188
4236445      +Shane Leis,    405 Peach Orchard Rd,    Bentonville, AR 72712-3437
4236447      +TCM Bank,    PO Box 30131,    Tampa, FL 33630-3131
4236448      +Trans Union,    1561 E Orangethorpe Ave,    Fullerton, CA 92831-5210
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty           E-mail/Text: toddhertzberg@yahoo.com Jun 05 2012 00:26:32    Todd F. Hertzberg,
              HERTZBERG LAW FIRM OF ARKANSAS, P.A.,    112 W. Center Street,    Suite 550,
              Fayetteville, AR 72701
tr            EDI: BWCLARK.COM Jun 04 2012 22:38:00    William M. Clark, Jr.,   Chapter 7 Panel Trustee,
              P. O. Box 1400,    Springdale, AR 72765-1400
ust          +E-mail/Text: USTPRegion13.LR.ECF@usdoj.gov Jun 05 2012 02:13:27    U.S. Trustee (ust),
              Office Of U. S. Trustee,    200 W Capitol, Ste. 1200,    Little Rock, AR 72201-3618
4236429      +EDI: AMEREXPR.COM Jun 04 2012 22:38:00    American Express,    PO Box 981535,
              El Paso, TX 79998-1535
4236431      +EDI: BANKAMER.COM Jun 04 2012 22:38:00    Bank of America,   Attn: Bankruptcy Dept.,
              NC4-105-03-14,    PO Box 26012,    Greensboro, NC 27420-6012
4236432      +EDI: CHASE.COM Jun 04 2012 22:38:00    Chase,   Bankruptcy Dept,    PO Box 100018,
              Kennesaw, GA 30156-9204
4236438      +E-mail/Text: llong@fsbank.com Jun 05 2012 04:48:44    First Security Bank,    PO Box 1009,
              Searcy, AR 72145-1009
4236439      +EDI: IRS.COM Jun 04 2012 22:38:00    Internal Revenue Service,    PO Box 7346,
              Philadelphia, PA 19101-7346
4236444      +EDI: RMSC.COM Jun 04 2012 22:38:00    Sams Club Discover,    PO Box 981064,
              El Paso, TX 79998-1064
4236446      +EDI: ARKDEPREV.COM Jun 04 2012 22:38:00    State of Arkansas,   Dept. of Finance and Admin,
              P.O. Box 8090,    Little Rock, AR 72203-8090
                                                                                             TOTAL: 10
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 06, 2012                     Signature: *Joseph Speetjens*

```
District/off: 0861-5          User: ashley          Page 2 of 2              Date Rcvd: Jun 04, 2012
                              Form ID: b9a          Total Noticed: 24
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 2, 2012 at the address(es) listed below:

      Todd F. Hertzberg   on behalf of Debtor Ashley Leis toddhertzberg@yahoo.com,
        tfhertzbergigotnotices@gmail.com;angie.barton10@gmail.com;jamie@hoglaw-nwa.com;jantonovichign@gmail.com
      U.S. Trustee (ust)    USTPRegion13.LR.ECF@usdoj.gov,
        Shari.Sherman@usdoj.gov;Cecilia.A.Boyle@usdoj.gov;jackie.a.evatt@usdoj.gov;jill.p.eschbacher@usdoj.gov;eliane.m.archambeault@usdoj.gov
      William M. Clark    wclark@ccchlaw.com, ar16@ecfcbis.com

                                                                                                         TOTAL: 3

| B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/11) | Case Number 5:12-bk-72212 |
|---|---|
| UNITED STATES BANKRUPTCY COURT Western District of Arkansas | |

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 6/1/12.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Ashley J Leis
19666 McCord Rd
Elkins, AR 72727

| Case Number:<br>5:12-bk-72212<br>Judge: Ben T Barry | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx-xx-6350 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Todd F. Hertzberg<br>HERTZBERG LAW FIRM OF ARKANSAS, P.A.<br>112 W. Center Street<br>Suite 550<br>Fayetteville, AR 72701<br>Telephone number: 479-303-5555 | Bankruptcy Trustee (name and address):<br>William M. Clark Jr.<br>Chapter 7 Panel Trustee<br>P. O. Box 1400<br>Springdale, AR 72765-1400<br>Telephone number: (479) 751-5222 |

### Meeting of Creditors

Important notice to individual debtors: Debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors.

Date: **July 3, 2012**   Time: **08:00 AM**
Location: **U.S. Bankruptcy Courtroom (Room 416), 35 E. Mountain Street, 4th Floor, Room 416, Fayetteville, AR 72701**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 9/4/12**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>U.S. Bankruptcy Court<br>35 E. Mountain, Room 316<br>Fayetteville, AR 72701<br>Telephone: 479-582-9800 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Jean Rolfs |
|---|---|
| Hours Open: Monday – Friday 8:00 AM – 5:00 PM | Date: 6/4/12 |

| | EXPLANATIONS | B9A (Official Form 9A) (12/11) |
|---|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. | |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. | |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. | |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. | |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. | |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. | |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint — or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) — in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. | |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. | |
| Bankruptcy Clerk's Office | Any documents that you file in this bankruptcy case should be filed using the court's Electronic Case Filing (ECF) system or at the bankruptcy clerk's office at the Bankruptcy Court address listed on the front side. You may inspect all documents filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, on the court's ECF system or at the bankruptcy clerk's office. | |
| Intent to Abandon Property | The trustee may give notice at the meeting of creditors of his intent to abandon property unless objections are filed within 15 days. | |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. | |
| | **Refer to Other Side for Important Deadlines and Notices** | |



HERTZBERG LAW FIRM
of ARKANSAS, P.A.
PROCLAIM LIBERTY

Exhibit "B"

May 21, 2012

First Data
5565 Glenridge Connector NE
Ste 2000
Atlanta GA 30342

Dear Sir or Madam:

I represent Ashley Leis, 19666 McCord Rd, Elkins AR 72727. Ms. Leis's cell phone number is 479-659-1942.

It has come to my attention that you have repeatedly used an auto-dialer to dial Ms. Leis's cell phone. This is a violation of the federal Telephone Consumer Protection Act of 1991 ("TCPA") and the FCC regulations promulgated thereunder. Ms. Leis's TCPA rights are in addition to her other consumer debtor rights under state and federal laws.

Any and all consent to autodial or use pre-recorded messages when calling this consumer debtor is revoked. Though we do not believe such consent ever existed, you are now being put on specific notice that you may not use an auto dialer or use pre-recorded messages when calling this consumer.

Your attention to this matter is of the utmost importance.

Sincerely,

Todd Hertzberg
toddhertzberg@yahoo.com
479-303-5555

112 West Center Street, Suite 550
Fayetteville, Arkansas 72701